# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60469
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2026

Lyle W. Cayce
Clerk

Elvis Saul Flores Sanchez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 981 028

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Elvis Saul Flores Sanchez, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60469

We review the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). Additionally, we review the BIA's opinion and consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

First, Flores Sanchez contends that the BIA erred in affirming the IJ's finding that he had not suffered past persecution and did not have a well-founded fear of future persecution based upon his membership in the particular social group of Salvadoran ex-gang members. However, he has not shown that the record compels a contrary conclusion given that he has not demonstrated a nexus between any persecution and membership in his proposed particular social group. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Zhang*, 432 F.3d at 344.

Second, Flores Sanchez asserts that the BIA erred in affirming the IJ's denial of CAT protection, citing country conditions evidence that shows he would more likely than not be tortured upon his return to El Salvador with governmental acquiescence. However, he has not demonstrated that the record compels a different conclusion. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019); *Zhang*, 432 F.3d at 344-45.

Third, Flores Sanchez asserts that the BIA erred in affirming the IJ's denial of his motion for a continuance and in denying his motion to remand so that he could provide new expert testimony. We lack jurisdiction to consider the denial of the motion for continuance, *see Ikome v. Bondi*, 128 F.4th 684, 689-90 (5th Cir. 2025), *cert. denied*, No. 25-117, 2025 WL 3506992 (U.S. Dec. 8, 2025), and Flores Sancez has not shown the BIA abused its

No. 25-60469

discretion in denying the motion to remand, *see Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Finally, Flores Sanchez's argument that the IJ should have granted him asylum as a matter of discretion is unavailing. *See* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 1208.13(a).

The petition for review is DENIED.